United States District Court
Southern District of Texas
**ENTERED**
May 19, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| N.C.N., LLC, | § |
| Plaintiff, | § § § |
| VS. | § § CIVIL ACTION NO. 4:22-CV-03354 |
| WILMINGTON SAVINGS FUND SOCIETY, | § § § § |
| Defendant. | § § |

## ORDER

Before the Court is Defendants' Motion to Dismiss, filed on October 12, 2022. Doc. #5. The Court also held a scheduling conference on February 10, 2023, at which Plaintiff did not appear. As of the entry of this Order, Plaintiff N.C.N., LLC (pro se)[1] has not filed a response to the Motion to Dismiss. Plaintiff filed its Original Petition in state court on September 2, 2022, to stop a foreclosure sale, arguing that Defendant Wilmington Savings Fund Society violated the Texas Debt Collection Act (TDCA) by "fail[ing] to cease all collection efforts, namely continuing to foreclose on plaintiff's home, until after an investigation of the dispute debt was complete pursuant to section 392.202(a) of the Texas Finance Code." Doc. #1, Ex. 1 at 5–6. Plaintiff requested a temporary restraining order to enjoin a September 6, 2022 foreclosure sale but its request was denied. *Id.* at 19. Defendant removed the case to federal court on September 29, 2022. Doc #1. Defendant now moves to dismiss Plaintiff's claim under Federal Rule of Civil

---

[1] Plaintiff's Original Petition is signed by Cameron Namazi, Plaintiff's sole member. Doc. #1, Ex. 1 at 7, 32.

Procedure 12(c), arguing that Plaintiff failed to plausibly assert a DTPA claim and is not represented by counsel as required by law. Doc. #5.

The standard for deciding a motion under Rule 12(c) is the same as for deciding a motion to dismiss under Rule 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) ("A number of courts have held that the standard to be applied in a rule 12(c) motion is identical to that used in a rule 12(b)(6) motion."). Under Rule 12(b)(6), a district court may dismiss a complaint or part of a complaint when a plaintiff fails to set forth well-pleaded factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

The Court agrees that Plaintiff's Petition fails as a matter of law because it fails to plausibly assert that Defendant is liable under the TDCA. *See* Doc. #1, Ex. 1 at 3–8. The elements of a TDCA claim are: (1) the debt is consumer debt, (2) the defendant is a debt collector as defined by the TDCA, (3) the defendant committed a wrongful act in violation with the TDCA, (4) the wrongful act was committed against the plaintiff, and (5) the plaintiff was injured as a result of the defendant's wrongful act. *Ortiz-Tejada v. Select Portfolio Servicing, Inc.*, No. 3:18-CV-00387, 2020 WL 1891690, at *4 (S.D. Tex. Feb. 5, 2020) (citing Tex. Fin. Code §§ 392.001-404). A third-party debt collector is defined the same as a "debt

collector" under the federal Fair Debt Collection Practices Act. TEX. FIN. CODE § 392.001(7) ("'Third-party debt collector' means a debt collector, as defined by 15 U.S.C. § 1692(a)(6)."). Plaintiff fails to allege sufficient facts to show that Defendant is a third-party debt collector. *See* Doc. #1, Ex. 1 at 3–8. Defendant's Motion to Dismiss is granted on that basis.

Additionally and alternatively, the Court agrees that 28 U.S.C. § 1654 requires "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ." However, District courts have uniformly held that 28 U.S.C. § 1654 "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). Limited liability companies are artificial entities which must appear in federal courts by licensed counsel. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). Here, Plaintiff's Original Petition is signed by Cameron Namazi. Doc. #1, Ex. 1 at 7. Plaintiff's articles of amendment identify Mr. Namazi as its sole member. Doc. #1, Ex. 1 at 32. Mr. Namazi is not a licensed attorney. Doc. #5, Ex. 1. As such, Defendant's Motion to Dismiss is also granted on that basis.

Lastly, Plaintiff has not filed a response to Defendant's Motion. "Failure to respond will be taken as a representation of no opposition." S.D. Tex. Local R. 7.4. For the foregoing reasons, Defendant's Motion is GRANTED, and the case is hereby DISMISSED with prejudice.

It is so ORDERED.

___MAY 1 9 2023___  
Date

_____  
The Honorable Alfred H. Bennett  
United States District Judge